UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ZACHARY KRANZLER,

                                               Plaintiff,

      -against-

BRIAN FRAGLIOSSI; and JOHN and JANE DOE 1-10, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                                          Defendants.

-----------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

Docket No.
15-cv-9416

ECF CASE

        Plaintiff Zachary Kranzler, by his attorney Cary London, Esq. of London Indusi LLP, for his complaint against Defendants alleges as follows:

## PRELIMINARY STATEMENT

        1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

        2. The claim arises from an August 8, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Kranzler without probable cause. Mr. Kranzler initially spent approximately 18 hours unlawfully in police custody. After multiple court appearances, Mr. Kranzler reluctantly accepted an Adjournment in Contemplation of Dismissal with immediate sealing.

        3. Plaintiff seeks monetary damages (special, compensatory and punitive) against

Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Zachary Kranzler ("Mr. Kranzler") resided at all times here relevant in New York County, City and State of New York. Mr. Kranzler is employed as an accountant at Money Lion, LLC.

8. Defendant Brian Fragliossi, Shield No. 030892 ("Fragliossi") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Fragliossi was, at the time relevant herein, a Police Officer under Shield # 030892 of the 44th Precinct. Defendant Fragliossi is sued in his individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1

through 10.

10. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On August 8, 2015, at approximately 11:00 a.m., Mr. Kranzler was walking on River Avenue in Bronx County, New York.

13. Mr. Kranzler was not committing any crime or violating any law or local ordinance.

14. Mr. Kranzler was walking from the 4 line MTA Subway Station to Yankee Stadium.

15. The Defendants, including Defendant Fragliossi, unlawfully stopped Mr. Kranzler on River Avenue.

16. The Defendants did not observe Mr. Kranzler commit any crime or infraction.

17. Defendants, including Defendant Fragliossi, demanded Mr. Kranzler produce identification.

18. Defendants, including Defendant Fragliossi, unlawfully grabbed Mr. Kranzler by his arm and threw him against a wall.

19. Defendants, including Defendant Fragliossi, unlawfully handcuffed Mr. Kranzler and placed him under arrest.

20. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Kranzler.

3

21. Mr. Kranzler did not resist arrest.

22. Defendants, including Defendant Fragliossi, searched Mr. Kranzler's person without his authority or permission.

23. No contraband or anything of illegality was found on Mr. Kranzler.

24. Defendants, including Fragliossi, placed Mr. Kranzler under arrest and transported him to central bookings.

25. Defendants, including Defendant Fragliossi, conveyed false information to prosecutors in order to have Mr. Kranzler prosecuted for Disorderly Conduct and Resisting Arrest.

26. Mr. Kranzler was unlawfully held in police custody for approximately 18 hours before being arraigned on those charges.

27. At arraignments, the Judge released Mr. Kranzler on his own recognizance, and the matter was adjourned.

28. Mr. Kranzler had to spend $3500 on legal counsel to represent him against these false accusations by Defendants.

29. At the next court appearance, Mr. Kranzler reluctantly accepted an Adjournment in Contemplation of Dismissal, with immediate sealing.

30. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Kranzler without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Kranzler without probable cause.

31. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Kranzler and violate his civil rights.

32. As a direct and proximate result of the acts of Defendants, Mr. Kranzler suffered the

4

following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, legal fees, and loss of liberty.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

33. The above paragraphs are here incorporated by reference as though fully set forth.

34. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

36. The above paragraphs are here incorporated by reference as though fully set forth.

37. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

38. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

5

40. The above paragraphs are here incorporated by reference as though fully set forth.

41. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Kranzler was disorderly.

42. The individual Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

43. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

45. The above paragraphs are here incorporated by reference as though fully set forth.

46. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

6

a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)      Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d)      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 29, 2015
Brooklyn, New York                          Respectfully submitted,


_____/s/ Cary London_____
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Kranzler
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com